James ANDERSON, Appellant,

v.

CABINET FOR HUMAN RESOURCES and Louden & Company, Inc. d/b/a Trimble Nursing Center, Appellees.

No. 94–CA–2641–MR.

Court of Appeals of Kentucky.

Jan. 5, 1996.

As Modified on Denial of Rehearing March 15, 1996.

Kathryn Dutton–Mitchell, Frankfort, for appellant.

Angela M. Ford, Timothy A. Sturgill, Frankfort, for appellee CHR.

J. Guthrie True, Frankfort, for appellee Louden & Company, Inc.

Before COMBS, EMBERTON, and JOHNSTONE, JJ.

### OPINION

COMBS, Judge.

This appeal arises from Appellant's discharge from Trimble Nursing Center, a facility licensed under the laws of Kentucky to provide long-term nursing care to persons who apply and are admitted as residents. After reviewing appellant's arguments, the record, and the applicable law, we vacate and remand for further proceedings.

On November 8, 1991, Appellant James Anderson was transferred from Valley Haven Personal Care Home to Trimble Nursing Center ("Trimble") in Bedford, Kentucky. At that time, Anderson was forty-four years old and suffered from numerous physical and psychiatric disorders including schizophrenia, emphysema, and seizures. A social history collected by the facility indicated that Anderson "laughs inappropiatly (sic). He tends to be nervous, paces the floor, is a chronic smoker...." The history also describes Anderson's inability to communicate effectively.

On November 19, 1993, Anderson was suddenly discharged from Trimble to Ten Broeck Hospital, a psychiatric facility in Louisville. In direct contravention of state regulations, Anderson was provided with notice of this discharge *on the very day* he was to be relocated.[1] His sister, who was also

1. 900 KAR 2:050, Section 2., entitled "Transfer and discharge rights," was enacted in conformity with 42 CFR § 483.12 requiring that the state have in effect a fair and impartial decision making process for appeals related to the involuntary transfer and discharge of residents of long-term care facilities. It provides in pertinent part as follows:

(3) Notice before transfer. Before a facility transfers or discharges a resident, the facility shall:
 (a) Notify the resident *and, if known, a family member* or legal representative of the resident, in writing, of the transfer or discharge and the reasons for the relocation in a language and manner they understand; (Emphasis added).

\* \* \* \* \* \*

(4) Timing of the notice.

 (a) Except when specified in paragraph (b) of this subsection, the notice of transfer or discharge required under subsection (3) of this section *shall be made by the facility at least thirty (30) days before the resident is transferred or discharged.* (Emphasis added).
 (b) Notice may be made as soon as practicable before transfer or discharge when:
 (1) An immediate transfer or discharge is required by the resident's urgent medical needs ...; or
 (2) The resident's health improves sufficiently to allow a more immediate transfer or discharge ...; or
 (3) The safety of individuals in the facility would be endangered ...; or
 (4) The health of individuals in the facility would be endangered ...; or
 (5) The resident has not resided in the facility for thirty (30) days.

entitled to notice of the discharge, was not notified until three days after the relocation was accomplished.[2]

If a resident contests the discharge decision, the pertinent regulations provide that he "must inform the cabinet in writing of his intent to appeal within fifteen (15) days from the *resident's receipt of notice of the facility's intent to transfer or discharge.*" 900 KAR 2:050, Section 3(5). (Emphasis added). On Anderson's behalf, Rick Cain, a Mental Health Advocate and representative of the Protection and Advocacy Division appealed the discharge. Notice of Anderson's intent to appeal was received by the Cabinet for Human Resources on December 7, 1993—18 days after Trimble's notice of discharge was received by Anderson and 15 days after notice to his sister. Arguing that the notice was untimely, Trimble moved to dismiss the appeal. On January 4, 1994, the hearing officer issued a notice of dismissal.

On January 5, 1994, Anderson's representative filed a motion for reconsideration, arguing that the fifteen-day period did not begin to run against Anderson until his sister—who was equally entitled to notice of Trimble's intent to discharge Anderson and was best able to understand his rights—had been notified of the discharge. Assuming that Anderson was sufficiently competent to understand the actions being taken by the facility and the implications as to the time frames in which an appeal could be taken, the hearing officer denied the motion on January 11, 1994.

KRS 216:570(1) provides that a resident may seek judicial review of the hearing officer's decision by filing a complaint against the Cabinet in Franklin Circuit Court within twenty (20) days of the decision. On January 31, 1994, the Protection and Advocacy Division, acting on Anderson's behalf, appealed the hearing officer's decision to Franklin Circuit Court. Arguing that the appeal had to have been taken within 20 days of the hearing officer's order of dismissal (January

4, 1994), Trimble, joined now by the Cabinet for Human Resources, contended that this appeal, too, was untimely.[3] They moved for a dismissal. On October 5, 1994, the court entered its order dismissing the action. This appeal followed.

Clearly, numerous issues in need of resolution have arisen in this proceeding. However, the only issue presented for our review is whether Anderson's petition to Franklin Circuit Court was untimely. To the contrary, we conclude that Anderson's right to judicial review has not yet matured. Anderson was entitled to—yet apparently failed to receive—*written* notice from the Cabinet of his right to request judicial review of the hearing officer's determination, and we therefore conclude that this matter must be remanded for additional *administrative* proceedings before the judicial remedy may become available. Appellees, staffed by personnel conversant with all pertinent regulations, have consistently failed to adhere to those regulations as to notice while vociferously insisting on strict compliance by Appellant—notwithstanding his severely impaired condition.

The Nursing Home Reform Law of 1987 was enacted by Congress to provide a comprehensive framework for regulation of nursing homes that participate in the Medicare and Medicaid programs throughout the country. Mary Kathleen Robbins, *Nursing Home Reform: Objective Regulations or Subjective Decisions,* 11 T.M. Cooley L.Rev. 185 (1994). Each state must ensure that facilities in the state conform to the standards specified in the Nursing Home Reform Law. 42 CFR § 483.204 requires each state to "provide an appeals system that meets the requirements of this subpart, Section 483.12 of this part, and part 431 subpart E of this subchapter." 42 CFR § 431.220 provides that an opportunity for a hearing must be provided to "[a]ny resident who requests it because he or she believes a skilled nursing facility or nursing facility has erroneously determined that he or she must be transferred or discharged. . . ." The regulations

---

2. Pursuant to 900 KAR 2:050 and 900 KAR 2:060, Anderson's sister is also designated a "resident" of the facility.

3. We are unaware of the Cabinet's reasons for "volunteering" to align itself with the facility in this matter as it does not appear that it undertook any investigation of the circumstances surrounding the contested discharge.

following § 431.220 describe the procedural rights to be afforded the applicant both during the hearing and its pendency. Finally, 42 CFR § 431.245 provides that:

The agency must notify the applicant or recipient in writing of—

(a) The decision; *and*

(b) *His right to ... seek judicial review. ...*

A review of the hearing officer's written decisions does not indicate that Anderson was ever advised of his right to seek judicial review of those decisions pursuant to KRS 216.570(1). Further, it does not appear that the Cabinet attempted to advise him of this right in any other manner. By failing to conform to the explicit requirements of 42 CFR § 431.245, the administrative review provided Anderson proved fatally defective. Thus, his right to judicial review of that process has not only *not* been extinguished; it has never ripened into justiciability.

The judgment of Franklin Circuit Court is vacated. This matter is remanded to the Cabinet for further administrative steps.

All concur.