Randy GODMAN and Lisa Godman, Appellants

v.

CITY OF FORT WRIGHT, Kentucky, a Municipality of the Fourth Class; Gene Weaver, Individually and in His Official Capacity as Mayor of Fort Wright; Adam Feinauer, David Hatter, Paul Hiltz, Joe Nienaber, Jim Robke, Jeff Wolnitzek, Individually and in Their Official Capacities as Council Members of Fort Wright; J.

Timothy Maloney, Individually and in His Official Capacity as City of Fort Wright Zoning Administrator; and Larry Klein, Individually and in His Official Capacity as City Administrator of Fort Wright, Appellees.

No. 2006–CA–000696–MR.

Court of Appeals of Kentucky.

Aug. 31, 2007.

James S. Thomas, Cynthiana, KY, for appellants.

Peter J. Summe, Fort Wright, KY, for appellee, City of Fort Wright, Kentucky.

Jeffrey C. Mando, Jennifer H. Langen, Covington, KY, Peter J. Summe, Fort Wright, KY, for appellees, Gene Weaver, Adam Feinauer, Dave Hatter, Paul Hiltz,

Joe Nienaber, Jim Robke, Jeff Wolnitzek, Larry Klein And J. Timothy Maloney.

Before COMBS, CHIEF JUDGE; NICKELL and WINE, Judges.

### OPINION AND ORDER

WINE, Judge.

Randy Godman and Lisa Godman (the Godmans) appeal from summary judgments granted by the Kenton Circuit Court to the City of Fort Wright (the City), and dismissing their counterclaims against the City; Mayor Gene Weaver; Council Members Adam Feinauer, David Hatter, Paul Hiltz, Joe Nienaber, Jim Robke, and Jeff Wolnitzek; City Administrator Larry Klein; and Zoning Administrator J. Timothy Maloney. This matter involves the City's revocation of a temporary access point which it previously granted to the Godmans' property. The Godmans contend that summary judgment was not appropriate on the City's declaratory judgment or on their counterclaims. We conclude that the City has failed to show a justiciable issue on its efforts to revoke the temporary access. Hence, we reverse the trial court's summary judgment for the City and remand with directions to dismiss the City's action against the Godmans. We agree however, that the Godmans have failed to overcome the qualified immunity of the City and its officials. Hence, we affirm the trial court's order dismissing the Godmans' counterclaims.

The Godmans own a half-acre tract of commercial property located at 499 Orphanage Road in the City of Fort Wright. Until 1984, the subject property was zoned for residential use (R–1C). In 1984, Hugh Bell, Jr., the previous property owner, filed a request for a map amendment to change the zoning from R–1 C to highway commercial (HC). Thereafter, the City enacted Ordinance No. 330–1984 granting the requested zoning. The ordinance made the zoning change contingent on a number of conditions, including:

That a temporary access point shall be permitted four hundred (400) feet from the intersection of Orphanage Road and Madison Pike, which point is opposite the mobile home park access. This access is two hundred (200) feet less [than] the minimum six hundred (600) foot access separation required by Section 11.3, F, 1, of the Zoning Ordinance. The access is contingent upon the receipt of a report from a qualified traffic engineer, agreed upon by the Zoning Administrator, establishing that the special treatment will have no adverse affect on the roadway safety and capacity. The temporary access is subject to revocation based upon the criteria as outlined in Section 11 of the Zoning Ordinance.

After the zoning change was granted, Bell transferred the property to Sunshine Car Wash, Inc. Sunshine built a car wash on the property using the temporary access point referred to in the ordinance. Sometime later the property, including the existing business, was acquired by Ms. Classic Car Wash, Inc.

In 1993, the owner of abutting property sought a zoning change. The development plan called for the creation of an unsignalized access point just 130 feet from the access point that was serving the car wash. The City took the position that the temporary access point serving the car wash could be closed if alternate access was provided. The City granted the zoning change for the abutting property, subject to the condition that the developer of that property provide a two-lane ingress and egress easement to allow access to the car wash. Ordinance No. 483–1993.

However, the City did not require the developer to pay the costs associated with the relocation of the temporary access point. In response, Ms. Classic Car Wash filed an action challenging the zoning change granted by Ordinance No. 483–1993. It argued that the revocation of the temporary access to Orphanage Road was in violation of its vested property rights and that the proposed easement was inadequate and unreasonable. *Ms. Classic Car Wash, Inc. v. City of Fort Wright, Kentucky,* No. 93–CI01778. Subsequently, on June 8, 1994, the parties settled this action by agreed judgment. Under the terms of the judgment, the abutting property owners granted the car wash a perpetual, nonexclusive easement of thirty feet in width, rather than the twenty-five foot easement provided in Ordinance No. 483–1993. The easements were executed in accord with the judgment.

However, the access across the easement was never constructed and the car wash continued to use the temporary access point to Orphanage Road. The Godmans acquired title to the property on January 25, 1999. Shortly thereafter, on June 16, 1999, the City notified the Godmans that it intended to revoke the temporary access and require the car wash to use the easement.

For several years, the City attempted unsuccessfully to gain the Godmans' compliance. Finally, on September 11, 2002, the Zoning Administrator sent a letter by certified mail to the Godmans informing them that he was revoking the temporary access and directing the Godmans to close the access point. The letter was returned unclaimed. The Zoning Administrator sent the Godmans an identical letter on October 3, 2002. Although the second letter was not sent by certified mail, the Godmans' counsel acknowledged receipt of that letter. Nevertheless, the Godmans continued to use the temporary access point.

On October 9, 2003, the City brought the current action, seeking a declaration that it had the right to close the temporary access point and an injunction requiring the Godmans to do so. In response, the Godmans filed counterclaims challenging the City's actions in revoking the temporary access point, and arguing that the ordinance allowing revocation of the access was unconstitutionally vague. The Godmans also asserted claims against the City, the Mayor, members of the City Council, the City Administrator and the Zoning Administrator for unlawful taking, malicious prosecution, abuse of process, outrageous conduct, harassment, tortious interference and fraud.

The trial court granted partial summary judgment, citing KRS 65.2003 and *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2001), on the claims against the Mayor and Council Members, finding that they are entitled to immunity for discretionary actions taken in the course of their official duties. However, the court determined summary judgment was premature on the claims against the City Administrator and the Zoning Administrator, as they were only entitled to qualified immunity.

After further discovery, the Godmans and the City separately submitted motions for summary judgment. The trial court granted the City's motion, finding that the temporary access point was clearly revocable on its face; that the Godmans and their predecessors had notice of the temporary nature of the access; that the prior action had granted alternate access to the car wash; and that the Godmans had failed to properly appeal from the City's action in revoking the access point. Consequently, the trial court granted the City's motion for summary judgment and declared that the City had the authority to

revoke the temporary access. The court also dismissed the Godmans' remaining counterclaims, finding that they had not pleaded any actionable torts against the City or its officials. Thereafter, the trial court denied the Godmans' motion to alter, amend or vacate, CR 59.05, and this appeal followed.

■ As a preliminary matter, the City filed a motion to strike the Godmans' reply brief. The City first argues that the factual assertions on pages 2, 3 and 5 of the reply brief are not supported by specific references to the record as required by CR 76.12(4)(c)(v). The assertions on pages 2 and 3 of the reply brief do not refer to the record, but the brief does refer to the primary brief, which does contain adequate citations to the record for these assertions. While this is not the preferred practice, the deficiency is not serious enough to warrant striking the brief.[1]

■ The Godmans' factual assertions on page 5 of their reply brief concern the alleged difficulties in constructing an access road across the easement. The Godmans do not support these allegations with specific references to the record. But ultimately, as discussed below, the matters alleged are not material to this appeal.

■ Finally, the Appellees point out that the Godmans have attached documents to their reply brief which are not included in the record on appeal. The Godmans concede that the first two exhibits attached to the reply brief are not part of the record. But they argue that these documents were referenced at the trial court level and that the Appellees are not prejudiced by their inclusion. Nevertheless, CR 76.12(4)(c)(vii) clearly provides that "materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." Therefore, the motion to strike must be granted and we must disregard these exhibits.

Turning now to the merits of this appeal, the Godmans argue that this matter was not ripe for summary judgment as there were factual issues about the sufficiency of the notice. The Godmans also argue that there were unresolved legal issues concerning exhaustion of the administrative process, the liability of the City and its officials, the effects of Ordinance No. 330–1984, and the agreed judgment in the prior litigation. Finally, the Godmans contend that summary judgment was inappropriate because the City's proof did not conform to its allegations in its complaint, and because the trial court's judgment exceeded the relief requested in the City's complaint.

In support of its motion for summary judgment, the City primarily argued that

---

1. The City also contends that the Godmans' brief does not comply with the font, margin and spacing requirements set out in CR 76.12(4)(a)(ii), which specifies, in pertinent part, that typewritten briefs shall be

> in black type no smaller than 12 point set at standard width. Typing shall be double spaced and clearly readable. The brief shall have a 1½ inch margin on the left side and a 1 inch margin on all other edges.

We agree with the City that the formatting of the Godmans' brief makes it difficult to read. But due to the wide variation in font types, it is difficult to determine whether the font size is actually smaller than what the rule requires. While the text appears to be compressed, the font size seems to be close to the minimum required by the rule. The left margin of the brief is set at 1¼, rather than 1½ inches, and the line spacing appears to be set to one-and-one-half lines, rather than the required double spacing. In other respects, however, the brief meets the technical requirements set out in the rule. We would urge the Godmans' counsel to review the rules for formatting an appellate brief. Nevertheless, we cannot find that these errors merit the serious sanction of striking a brief.

the Godmans had failed to file a timely appeal from the Zoning Administrator's letter revoking the temporary access point. Since the Godmans had failed to pursue their administrative and statutory remedies, the City argued that they were precluded from challenging the Zoning Administrator's action. In response, the Godmans asserted that they never received the September 11, 2002 letter from the Zoning Administrator revoking the access.

At the hearing on the motions for summary judgment, the City admitted that the certified letter sent on September 11, 2002, was returned unclaimed. The City produced the October 3, 2002 letter which was sent to the Godmans via regular mail. The City also produced an October 14, 2002 letter from the Godmans' counsel which acknowledged receipt of the October 3 letter.

The Godmans maintain that this new evidence produced at the hearing represents a change in the City's theory of the case, and consequently they were entitled to additional time to respond to this evidence. They also argue the trial court's judgment does not conform to the allegations in the City's petition.

In reviewing a motion for summary judgment, a trial court must consider all stipulations and admissions on file. CR 56.03. Summary judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991), *citing Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255 (Ky.1985). The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916

S.W.2d 779 (Ky.App.1996). There is no requirement that the appellate court defer to the trial court since factual findings are not at issue. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378, 381 (Ky.1992).

If the new evidence raised any issue of fact which was material to this case, we would agree that summary judgment would not have been appropriate. But given the Godmans' admissions, we conclude that the new evidence was not material. The Godmans and their counsel admitted that they received the October 3, 2002 letter revoking their temporary access. While the date of the notice may be in dispute, the fact that the Godmans received notice was not. The only question for the trial court was the legal effect of that notice.

■ The City relies heavily on § 18.2 of its Zoning Ordinance and on KRS 100.261, both of which require that any person claiming to be injuriously affected or aggrieved by an action of the Zoning Administrator must file an appeal to the Board of Adjustment within thirty calendar days after the appellant or his agent receives notice of the action of the official. The City argues that the Godmans were required to file their appeal to the board within thirty days from their receipt of the October 3, 2002 letter. Since the Godmans failed to do so, the City contends that they are now precluded from challenging the Zoning Administrator's action in revoking the temporary access. *Taylor v. Duke*, 896 S.W.2d 618, 620–21 (Ky.App.1995). *See also Burns v. Peavler*, 721 S.W.2d 715 (Ky.App.1986).

The Courts in *Taylor v. Duke, supra*, and *Burns v. Peavler, supra*, repeatedly emphasized that a party seeking review of administrative decisions must strictly follow the applicable procedures. "Since an

appeal from an administrative decision is a matter of legislative grace and not a right, the failure to follow the statutory guidelines for an appeal is fatal." *Taylor*, 896 S.W.2d at 621. In both of these cases, the Courts held that a party must file a statutory appeal within thirty days of receiving actual notice of the adverse action. The failure to do so will bar any subsequent challenge to the action. *Id.; Burns v. Peavler*, 721 S.W.2d at 717–18.

■ Therefore, we agree with the City that the Zoning Administrator's failure to send the October 3, 2002 letter by certified mail does not render the revocation void since the Godmans acknowledged receipt of the letter. However, the sufficiency of that notice is a more serious question. As *Burns v. Peavler* also notes, the Godmans' statutory obligation to seek administrative review accrues only after they received notice that the zoning administrator had made a final and appealable decision. *Id.* at 717. In this case, both the September 11 and October 3 letters merely advised the Godmans that the Zoning Administrator was revoking the temporary access. Neither letter set out the reasons for the decision or informed the Godmans of their right to appeal to the Board of Adjustment. Furthermore, while the letters invited the Godmans to contact the Zoning Administrator should they have any questions regarding this matter, the Zoning Administrator failed to respond to the October 14, 2002 letter from the Godmans' counsel which requested clarification of the decision.

The City urges that the Godmans should be charged with notice of their obligation to appeal under KRS 100.261. But the notice which the Godmans received does not comport with the minimum requirements of due process. Specifically, the Zoning Administrator's failure to set out the reasons for the revocation did not give any basis for meaningful appellate review by the Board of Adjustment. And the Zoning Administrator's failure to advise the Godmans of their obligation to appeal to the Board of Adjustment left them to guess the appropriate course of action from the vagaries of the City's zoning ordinance. Since the notice which the Godmans received was so defective, their right to administrative review has not been extinguished. To the contrary, their right to appeal has never ripened into justiciability. *See Anderson v. Cabinet for Human Resources*, 917 S.W.2d 581, 584 (Ky.App. 1996).

Consequently, the trial court erred in finding that the City was entitled to summary judgment on its declaratory judgment claim against the Godmans. Rather, since the City has failed to show a final and appealable decision by the Zoning Administrator, its declaratory judgment claim against the Godmans must be dismissed and this matter must proceed through the administrative process. For this reason, we must decline to express any opinion about whether the Zoning Administrator properly sought to revoke the temporary access.

■ However, we must briefly address the arguments regarding the effect of the agreed judgment in the 1993 action. The City notes that the Godmans' predecessor raised the sufficiency of the alternate access in the prior action. Ms. Classic Car Wash specifically argued that the easement granted by Ordinance No. 483–1993 was inadequate and unreasonable. Ms. Classic Car Wash also challenged the applicability and constitutionality of the City's zoning ordinance, as well as the City's claim that it was entitled to revoke the access. The 1994 agreed judgment settled all these claims in exchange for a somewhat larger easement than was provided in Ordinance No. 483–1993.

■ The City correctly notes that the doctrine of *res judicata* precludes the Godmans from re-litigating all issues which were raised or could have been raised in the 1993 action. *Yeoman v. Commonwealth, Health Policy Board*, 983 S.W.2d 459, 464–65 (Ky.1998). However, the Godmans are also correct that the 1994 judgment did not impose an affirmative duty on their predecessor to close the access point. Thus, the Godmans may be precluded from challenging the City's right to close the access or existence of sufficient alternate access to the car wash property. But in all other respects, the prior judgment merely reaffirms the provisions of Ordinance No. 330–1984, which provides that the temporary access is revocable "based upon the criteria outlined in Section 11 of the Zoning Ordinance." The question of whether those criteria have been met must be decided by appropriate administrative review.

■ The Godmans next argue that the trial court erred by granting summary judgment dismissing their tort claims against the City, the Mayor, the Council Members, the City Administrator and the Zoning Administrator. We disagree with the trial court that the Mayor and the Council Members were entitled to absolute legislative immunity. "Such immunity derives from the doctrine of sovereign immunity, which holds that the state, legislators, prosecutors, judges and others doing the essential work of the state enjoy an absolute immunity from suit." *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky.2007). But it is well-established that sovereign immunity does not extend to municipalities. *See Gas Service Co., Inc. v. City of London*, 687 S.W.2d 144 (Ky.1985); *Haney v. City of Lexington*, 386 S.W.2d 738 (Ky.1965). Thus, absolute legislative immunity cannot be extended to municipal legislators.

However, KRS 65.2003 does protect the City and its officials from claims arising from "the exercise of judicial, quasi-judicial, legislative or quasi-legislative authority," including claims arising from "[t]he issuance, denial, suspension, revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization[.]" KRS 65.2003(3)(c). The Zoning Administrator's attempted revocation of the access clearly involves a discretionary, not a ministerial, function. The City also has the authority to seek enforcement of that revocation against the Godmans. The actions of the City and its officials to undertake such enforcement actions are also discretionary in nature.

■ Nevertheless, the Godmans point out that there is no immunity for a discretionary act if it violates constitutional, statutory, or other clearly established rights, or if it is done willfully or maliciously with intent to harm, or if it is committed with a corrupt motive or in bad faith. *Yanero v. Davis*, 65 S.W.3d at 523. However, the Godmans have the burden to show that the public officials were not acting in good faith. *Id.* While the Godmans have identified procedural deficiencies and errors by the City and its officials, they have brought forth no evidence, beyond their mere allegations, that the City or its officials acted in bad faith. A party opposing a motion for summary judgment cannot rely merely on the unsupported allegations of his pleadings, but is required to present "some affirmative evidence showing that there is a genuine issue of material fact for trial." *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 (Ky.App.2004), *quoting Steelvest*, 807 S.W.2d at 482. In the absence of any evidence which would overcome the immunity of the City and its officials, the trial court properly dismissed the Godmans' claims.

Accordingly, the summary judgment granted by the Kenton Circuit Court to the City of Fort Wright and its officials is reversed, and this matter is remanded with directions to dismiss the claims for declaratory and injunctive relief against the Godmans. The trial court's order dismissing the Godmans' counterclaims against the City and its officials is affirmed.

IT IS FURTHER ORDERED that the City's motion to strike the first two exhibits attached to the Godmans' reply brief is GRANTED.

ALL CONCUR.