RENDERED:  OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1883-MR

GUY J. TURCOTTE                                                    APPELLANT


APPEAL FROM BARREN CIRCUIT COURT
v.        HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 18-CI-00622


DICK DOTY; CITY OF GLASGOW POLICE DEPARTMENT;
CITY OF GLASGOW, KENTUCKY; AND GUY HOWIE          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Guy J. Turcotte ("Appellant") appeals from an order of

the Barren Circuit Court granting summary judgment in favor of Dick Doty, City

of Glasgow Police Department, City of Glasgow, and Guy Howie ("Appellees").

Appellant argues that the circuit court failed to view the facts in a light most

favorable to Appellant, that he was legally appointed to the position of Lieutenant

Colonel in the Glasgow Police Department, and that summary judgment was improperly rendered on various statutory and free speech claims. For the reasons addressed below, we find no error and affirm the summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant was appointed Chief of Police of the Glasgow Police Department in 2011.[1] In 2014, Glasgow Mayor Rhonda Trautman was defeated in a mayoral election by Dick Doty. Because Doty ran on a platform of fiscal responsibility and integrity within the police department, Appellant assumed that Doty would terminate him as Chief of Police when Doty took office. In anticipation of being fired, Appellant resigned before Doty took office. Just before leaving office, Mayor Trautman appointed Appellant to the position of Lieutenant Colonel of Support within the Glasgow Police Department. Appellant was never assigned any duties or responsibilities.

After taking office, Mayor Doty assigned James Duff as interim Chief of Police. On May 27, 2017, Appellant sued the City of Glasgow and Duff alleging violation of Kentucky Revised Statute ("KRS") 95.450 (disciplinary procedures for police departments) and defamation. Appellant alleged that a

---

[1] We take judicial notice of the facts set out in the prior appellate case of *Turcotte v. City of Glasgow, Kentucky*, No. 2017-CA-000673-MR, 2018 WL 1444236 (Ky. App. Mar. 23, 2018). *See* Kentucky Rule of Evidence ("KRE") 201 and *Marchese v. Aebersold*, 530 S.W.3d 441 (Ky. 2017).

violation of KRS 95.450 resulted when he was assigned to a position within the Glasgow Police Department but not assigned any job duties.

During the pendency of that lawsuit (hereinafter "the first lawsuit"), the Glasgow City Council ("the Council") enacted Municipal Order 2016-709, which repealed the Glasgow Police Department's Standard Operating Procedure manual and adopted a new organizational structure for the Glasgow Police Department. The new structure eliminated the Lieutenant Colonel positions altogether. Because the first lawsuit was still pending when the new procedures were adopted, the City of Glasgow and the Glasgow Police Department continued Appellant's title and salary until the first lawsuit was resolved. The first lawsuit resulted in summary judgment in favor of the defendants. It was affirmed on appeal to a panel of this Court,[2] and the Kentucky Supreme Court denied discretionary review.

After the first lawsuit ended, Chief Howie, who was then Chief of Police, provided Appellant with a memorandum on October 8, 2018, explaining the new organizational structure and a change of Appellant's job title to patrol officer. Appellant refused to sign a personnel status form reflecting his status change. He then filed the instant action in Barren Circuit Court on October 10, 2018, against Mayor Doty, the City of Glasgow Police Department, the City of

---

[2] *See* Footnote 1.

Glasgow, Kentucky, and Chief of Police Howie.[3]  In this second action, Appellant alleged that he was improperly demoted in violation of KRS 95.450, KRS 15.520, and KRS 61.102.  The corpus of the second complaint was that Appellant was improperly denied notice and a formal hearing when Appellees took disciplinary action against him.  He also alleged violation of his right to engage in free speech on a matter of public concern as secured by the First and Fourteenth Amendments to the United States Constitution.

On November 18, 2019, the Barren Circuit Court conducted a hearing on Appellees' motion for summary judgment.  On December 6, 2019, the circuit court rendered an order granting the motion.  In support of the order, the circuit court determined that Appellant could not prevail on his statutory claims because the change in Appellant's employment status was not the result of a disciplinary action, but rather resulted from the City of Glasgow's restructuring of the police department.  As KRS 95.450 applied only to disciplinary procedures, and because no disciplinary action was taken against Appellant, the circuit court concluded that Appellant could not prevail on his statutory claims if the matter proceeded to trial.

Similarly, the court found that KRS 15.520 was not implicated as Appellant had not been subjected to either internal or external complaints.  As to

---

[3] Howie has since retired.  The current Chief of Police, Jennifer Arbogast, is not a party to this action.

KRS 61.102, *i.e.*, the Kentucky Whistleblower Act, the court determined that the complaint was devoid of any allegations that Appellant "blew the whistle" or made any charge of misconduct as against any defendant or any third party. The court also determined that a violation of KRS 90.360, the Kentucky Civil Service Act, could not be found, as Appellant produced no proof that Glasgow adopted a civil service system despite Appellant having been given ample opportunity to conduct discovery on this issue.

Finally, the circuit court concluded that though Appellant had been given time to engage in discovery on his allegation of an improper deprivation of his right to free speech, he produced no evidence in support of said claim. The court granted Appellees' motion for summary judgment, and this appeal followed.

## ARGUMENTS AND ANALYSIS

After asserting in general terms that the actions of the City of Glasgow and Mayor Doty were a mere ruse designed to oust Appellant from the police department, and that the circuit court failed to view the facts in a light most favorable to him, Appellant first argues that 1) he was legally appointed to his position of Lieutenant Colonel; 2) this issue was expressly litigated in the first lawsuit; and 3) it was not appealed by the City of Glasgow or the individual defendants. As the Barren Circuit Court did not consider whether Appellant was

legally appointed to the position of Lieutenant Colonel, nor base its grant of summary judgment on this issue, this argument is moot.

Appellant next argues that the circuit court erred in granting summary judgment on his claims under KRS 95.450 and KRS 15.520. The former statute provides that no police officer shall be subject to reprimand, dismissal, suspension, or a reduction in grade or pay except for "inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the legislative body, and only after charges are preferred and a hearing conducted as provided in this section." KRS 95.450(2). "We believe, and so hold, that KRS 95.450 applies to disciplinary procedures and was intended to provide due process in such procedures, thus preventing arbitrary punishment of individual officers." *Beckham v. City of Bowling Green*, 743 S.W.2d 858, 860 (Ky. App. 1987) (citation omitted). The latter statute, KRS 15.520, offers due process protections to officers subject to disciplinary actions from either internal or external complaints. *See Pearce v. University of Louisville*, *By and Through its Board of Trustees*, 448 S.W.3d 746, 748 (Ky. 2014).

Citing KRS 446.080, Appellant maintains that all statutes in the Commonwealth shall be liberally construed to carry out the intent of the legislature. With respect to the specific statutory provisions, Appellant notes that the restructuring – which he argues was a mere ruse to oust him – resulted in a loss

-6-

of salary of about $20,000 per year, and a reduction in grade from the second-highest officer in the department to the lowest. The focus of his argument is that the purported restructuring of the police department was actually a thinly-veiled effort to punish and remove him from employment.

KRS 95.450 and KRS 15.520 apply only to disciplinary actions. *Beckham* and *Pearce*, *supra*. The question for our consideration is whether the Barren Circuit Court properly concluded that despite ample discovery, Appellant was unable to produce any evidence that he was subject to a disciplinary action. Having closely examined the record and the law, we must answer this question in the affirmative.

Appellant's arguments on this issue are merely speculative, and he has not directed our attention to any evidence in the record that his reassignment resulted from anything other than a legitimate administrative reorganization. Appellant's claims as to KRS 95.450 and KRS 15.520 are grounded on his supposition that the administrative reorganization was a mere "ruse" or "subterfuge" for a demotion. He argues that this demotion was a disciplinary action; therefore, the statutory procedures should apply. As a panel of this Court noted in the prior litigation, "KRS 95.450(2) does not insulate an officer from any action that he or she may subjectively believe to be objectionable[.]" *Turcotte*, 2018 WL 1444236, at *3. When Mayor Doty took office, Appellant was a police

department employee *with no job duties*. His assignment to a position *with* job duties, and the elimination of the position for which no job duties were assigned, reasonably falls within the authority of the Mayor and the City of Glasgow to restructure the police department. There is ample evidence in the record that the restructuring was carried out for legitimate fiscal and administrative reasons, and no evidence that the reorganization was a ruse or subterfuge for disciplinary action.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine

issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we conclude that the circuit court correctly found that there were no genuine issues as to any material fact, and that Appellees were entitled to a judgment on this issue as a matter of law. *Id.*

Appellant goes on to argue that the circuit court erred in granting summary judgment on his claims under KRS 61.102. This statute - informally referred to as the Kentucky Whistleblower Act - provides that no public employee shall be subject to reprisal as a result of making a public disclosure of any facts or information relative to an actual or suspected violation of any statute, executive order, or administrative regulation. KRS 61.102(1). Appellant claims that he "possessed knowledge of alleged misconduct at the police department that was not publicly known," that the temporal proximity between the finality of the first lawsuit and his reduction in rank resulted from Appellant reporting alleged violations committed by the City or the Department, and that this adverse employment action is violative of KRS 61.102. Appellant argues that the Barren Circuit Court erred in granting summary judgment on this issue in favor of the Appellees.

KRS 61.102(1) states that in order to prevail on a claim, the public employee must report:

> any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

The employee is required to report these facts to:

> the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the Executive Branch Ethics Commission, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority[.]

*Id.*

The purpose of the Kentucky Whistleblower Act is to protect public employees who uncover and disclose public wrongdoing. *Workforce Development Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008). Appellant has not revealed what facts or information of public wrongdoing he disclosed, nor to which appropriate body or authority they were communicated. While intimating in general terms that his act of whistleblowing occurred in the course of the first litigation, Appellant's assertions are woefully void of specifics as to the nature of

-10-

the alleged wrongdoing or how it was reported. This is especially true in that the first litigation was resolved in favor of the defendants. When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we conclude that there are no genuine issues as to any material fact, and that Appellees are entitled to a judgment on this issue as a matter of law. *Scifres*, *supra*.

Lastly, Appellant contends that the circuit court erred in granting summary judgment on his free speech claims. After directing our attention to case law holding that statements by public officials on matters of public concern must be accorded First Amendment protection even though directed at their superiors, Appellant asserts in general terms that his "speech – a violation of state law by a public agency – addresses an issue that has long been clearly established as a matter of public concern." He argues that the factual and procedural history of these proceedings demonstrate that he has a viable free speech claim, and that the circuit court erred in summarily dismissing it.

Appellant does not reveal what speech was suppressed, nor how Appellees allegedly engaged in such suppression. With little more than a broad, unsupported claim of a First Amendment violation, and with no evidence of a constitutional violation despite ample time for discovery having been given, Appellant's claim falls well short of the threshold necessary to overcome Appellees' motion for summary judgment. "A party opposing a motion for

summary judgment cannot rely merely on the unsupported allegations of his pleadings, but is required to present some affirmative evidence showing that there is a genuine issue of material fact for trial." *Godman v. City of Fort Wright*, 234 S.W.3d 362, 370 (Ky. App. 2007) (citations and internal quotation marks omitted). Courts of the Commonwealth have "often stated that speculation and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (citation and internal quotation marks omitted). The Barren Circuit Court properly so found.[4]

## CONCLUSION

Appellant's claims under KRS 95.450 and KRS 15.520 were properly dismissed by way of summary judgment, as no evidence was adduced that Appellant was subjected to a disciplinary action. As such, the statutory scheme for addressing a disciplinary action was not implicated. All of the evidence of record demonstrates that Appellant was assigned new job duties as part of a legitimate administrative restructuring, and because his appointed position under former

---

[4] Appellant does not appeal from the circuit court's grant of summary judgment as to KRS 90.360. This statute, the Kentucky Civil Service Act, provides that cities may adopt a civil service form of governance, and that civil service employees are entitled to certain procedural safeguards. The Barren Circuit Court found that Appellant produced no evidence that the City of Glasgow adopted a civil service form of governance, and accordingly sustained Appellees' motion for summary judgment on this issue.

Mayor Trautman had no job duties.  Further, a claim under KRS 61.102 cannot be sustained, as Appellant did not demonstrate what facts or information of wrongdoing he reported, nor to which appropriate body or authority they were reported.  Finally, Appellant cannot prevail on a claim that his First Amendment right to free speech was violated, as he does not reveal what speech was allegedly suppressed, nor in what manner.  Accordingly, the entry of summary judgment was appropriate, and we find no error.  For these reasons, we affirm the summary judgment of the Barren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Thomas N. Kerrick
Matthew P. Cook
Bowling Green, Kentucky