RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0950-MR

MELISSA DAWN BYARLY N/K/A
LISA DAWN SISK                                                      APPELLANT

v.        APPEAL FROM CALDWELL CIRCUIT COURT
          HONORABLE JAMES R. REDD, III, JUDGE
          ACTION NO. 19-CI-00141

CALDWELL COUNTY WATER
DISTRICT                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Melissa Dawn Byarly, now known as Lisa Dawn

Sisk, appeals from an order granting summary judgment in favor of the Caldwell

County Water District.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On August 6, 2019, Appellee filed the complaint in this action seeking an injunction against Appellant. Appellee alleged that Appellant had encroached on an easement Appellee had on Appellant's property. Appellee had installed water distribution lines under the land described in the easement. Appellant had erected an outbuilding near the easement and then installed a lean-to onto the building. It was this lean-to that went over top of and onto the easement and, according to Appellee, blocked its access to the water line. Appellant denied the encroachment. Appellee requested an order requiring the encroaching building be removed.

After some discovery, Appellee provided a survey report which stated that the outbuilding's lean-to did encroach onto the easement. Appellant then disclosed that it had two experts who would testify as to the location of the easement and that the lean-to did not prevent Appellee from accessing or maintaining the water line.

Appellee later moved for summary judgment claiming that its expert surveyor's report showed the lean-to encroached on the easement and Appellant provided no evidence to the contrary. Appellant responded by restating what their experts would testify to. It is worth noting that the surveyor's report is in the

record, as well as supporting affidavits, but there are no affidavits from Appellant's experts regarding their findings or anticipated testimony.

A hearing was held regarding the summary judgment. Appellant claims that she was not made aware of the hearing and did not attend. At the hearing, trial counsel for Appellant conceded that he had no evidence to dispute Appellee's survey report. Appellant's counsel also provided no evidence to support Appellant's claims and made no argument. The trial court then entered an order enjoining Appellant from encroaching on the easement and gave her sixty days to remove any part of the outbuilding that encroached on the easement. This appeal followed.

## ANALYSIS

Appellant argues on appeal that there is a material issue of fact that prevents summary judgment. She claims that the lean-to is open air and would allow Appellee access to the water line. In other words, Appellant argues that the lean-to does not interfere with the use of the easement. Appellant also includes in the appendix to her brief two affidavits from her experts. These affidavits state that the lean-to would not prevent Appellee from accessing the water line at issue. She also claims she was prevented from making an argument in her favor because she was not informed of the summary judgment hearing and did not authorize her attorney to concede any issues.

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted). "A party opposing a motion for summary judgment cannot rely merely on the unsupported allegations of his pleadings, but is required to present some affirmative evidence showing that there is a genuine issue of material fact for trial." *Godman v. City of Fort Wright*, 234 S.W.3d 362, 370 (Ky. App. 2007) (internal quotation marks and citations omitted).

Unfortunately for Appellant, the affidavits she attached to her brief were not made part of the trial court record; therefore, we cannot consider them. Kentucky Rules of Appellate Procedure (RAP) 24; *Interactive Gaming Council v. Commonwealth ex rel. Brown*, 425 S.W.3d 107, 116 n.4 (Ky. App. 2014); *Telek v. Daugherty*, 376 S.W.3d 623, 626 (Ky. App. 2012).

The use of the easement must be as reasonable and as little burdensome to the landowner as the nature and purpose of the easement will permit. But he has no right to use the land subject to the easement in such manner as

-4-

to interfere with the reasonable and prudent exercise and enjoyment of the easement by its owner.

*Horky v. Kentucky Utilities Co.*, 336 S.W.2d 588, 589 (Ky. 1960) (citations omitted); *see also Central Ky. Nat. Gas Co. v. Huls*, 241 S.W.2d 986, 987 (Ky. 1951). While Appellant's lean-to might be open air, when considering only the record before us, we conclude that Appellant provided no affirmative evidence that the lean-to would not prohibit Appellee reasonable access to the water line. There was no error in granting summary judgment in favor of Appellee.

Also, we note that Appellant is troubled that she was not notified of the summary judgment hearing, was unable to appear, and did not authorize her trial attorney to concede any issues. Appellant is bound by the acts of her attorney, even if those acts were negligent,[1] because he was her agent. *Herfurth v. Horine*, 266 Ky. 19, 98 S.W.2d 21, 23 (1936); *Douthitt v. Guardian Life Ins. Co. of America*, 235 Ky. 328, 31 S.W.2d 377, 379 (1930).

## **CONCLUSION**

Based on the foregoing, we affirm the judgment on appeal. Appellant provided no evidence showing there was a genuine issue of material fact and

---

[1] We take no position on whether Appellant's trial attorney was negligent in his handling of this case. We are simply stating that a client is bound by the actions of his or her attorney even if said actions are negligent.

Appellee was entitled to judgment as a matter of law; therefore, summary judgment was warranted.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert B. Frazer
Marion, Kentucky

BRIEF FOR APPELLEE:

Dailey E. Wilson
Eddyville, Kentucky