RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0931-MR

SHELIA D. THOMPSON                                                                APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 21-CI-004996

AMAZON HOME WARRANTY OF
KENTUCKY, LLC                                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Shelia D. Thompson ("Thompson") appeals from the Jefferson

Circuit Court's order granting Amazon Home Warranty of Kentucky, LLC's

("Amazon") motion for summary judgment and awarding Thompson a $1,500

judgment. Thompson also appeals from the circuit court's order denying her

motion to reconsider. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a disagreement over a home warranty agreement (the "Agreement") entered into between Thompson and Amazon in 2019. The Agreement stated that Amazon would cover the costs to repair or replace covered systems outlined in the Agreement, such as the water heater, heating system, or refrigerator, if any such items became inoperable due to mechanical failure caused by normal wear and tear. Additionally, Section X of the Agreement stated that Thompson would limit any recovery to $1,500 and waive "consequential, incidental, indirect, secondary, or punitive damages." Finally, the Agreement stated that the parties would resolve all disputes under the Agreement through mandatory arbitration and waive any rights to a jury trial.

In December 2019, Thompson's heating system stopped working correctly, so she alerted Amazon of the issues. Amazon assigned a contractor to address Thompson's request, who told Thompson that she would need a new furnace. In January 2020, Thompson again requested service from Amazon for the same issue. This time, Thompson selected the service technician, as allowed by the Agreement. This technician also advised Thompson that she needed a new furnace, as the technician discovered a heat exchanger crack.

Thompson ultimately replaced the furnace for $3,305 and filed a claim with Amazon for coverage under the Agreement for the furnace replacement

cost. However, Amazon denied coverage under the Agreement, which expressly excluded coverage for cracked heat exchangers. Specifically, under Section V, Paragraph B of the Agreement, Amazon listed "cracked heat exchangers" as one of the items not covered. Section VI, Paragraph N also listed "cracked heat exchangers" as one of the items not covered.

On March 29, 2021, Amazon made an offer of judgment of $1,500 under Kentucky Rule of Civil Procedure ("CR") 68. Thompson rejected the offer and demanded payment for the total price of the new furnace she had purchased.

Thereafter, on August 30, 2021, Thompson sued Amazon in Jefferson Circuit Court, alleging breach of contract, fraud, misrepresentation, and violation of the Kentucky Consumer Protection Act (the "Act") concerning Amazon's denial of Thompson's claims for her furnace. On April 4, 2022, Amazon moved for summary judgment based on the Agreement's plain language. In the alternative, Amazon argued Section X of the Agreement limited its liability to a maximum of $1,500. Thompson filed a countermotion for summary judgment.

The circuit court entered an order on June 3, 2022, granting Amazon's motion and awarding Thompson $1,500 in damages. Additionally, the circuit court awarded Thompson $5.00 for attorney fees under Kentucky Revised Statute ("KRS") 453.060(1)(b). Thompson filed a motion to reconsider with the circuit court, which it denied. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### a. Standard of Review

"The . . . purpose of . . . summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Roberson v. Lampton*, 516 S.W.2d 838, 840 (Ky. 1974). A court should only grant summary judgment "where the movant shows that the adverse party could not prevail under any circumstances." *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985) (citation omitted).

An appellate court reviews the granting of a summary judgment to determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citation omitted). In making this determination, "[t]he record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). Because factual findings are not at issue, an appellate court reviews the decision *de novo*. *Scifres*, 916 S.W.2d at 781 (citation omitted).

### b. Discussion

As a preliminary matter, Amazon has moved this Court to strike portions of Thompson's brief, and the motion was passed to this panel on the merits. Thompson criticizes two "cut and paste" sections contained in the "Conclusion" portion of Thompson's brief purporting to show Amazon's online business ratings from Forbes and the Better Business Bureau.

Amazon's online business ratings are information that is outside of the record on appeal in violation of CR 76.12(4)(c)(vii) (now RAP 32(E)(1)(c)). "CR 76.12(4)(c)(vii) clearly provides that 'materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs.'" *Godman v. City of Fort Wright*, 234 S.W.3d 362, 367 (Ky. App. 2007). As such, we grant Amazon's motion to strike the offending portions of Thompson's brief by separate order. We have disregarded these materials in our consideration of this appeal.

Thompson first argues on appeal that a party moving for summary judgment "cannot move for summary judgment against itself and still receive a grant of summary judgment in its favor." However, Amazon was not necessarily requesting a judgment "against itself," but was requesting that the circuit court find that the parties had a binding agreement and that the maximum payment limit under such agreement was $1,500. As previously discussed, we review a circuit court's grant of summary judgment to determine whether there were any genuine

issues of material fact and whether Amazon was entitled to judgment as a matter of law. We can do so in this case and do not see the way in which Amazon requested the summary judgment to have impeded or otherwise affected our review.

Thompson also argues that issues of material fact remained as to whether the only mechanism for the failure of a heat exchanger is through cracking or corrosion. However, we agree with the circuit court that Thompson failed to present any evidence of a genuine issue of material fact regarding this issue. While Thompson states that there is no other failure mechanism for a heat exchanger, she provides no citation or other evidence upon which this Court can rely to find evidence of a genuine issue of material fact.

Additionally, the fact remains that the Agreement's plain language capped Amazon's liability at $1,500. Indeed, "[w]hen no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002). Thus, we conclude that the circuit court correctly determined that the extent of Amazon's liability was $1,500 under the Agreement's plain terms.

Thompson additionally argues that Amazon has, essentially, conceded liability on the other two counts alleged in her complaint – fraud, misrepresentation, and violation of the Act – by requesting a summary judgment against itself. Thus, she asserts that a trial is necessary to determine the extent of Amazon's liability to her under the Act. Thompson further argues that the Act gives broad protection and entitles her to an award of both punitive damages and attorney's fees.

In this case, however, Thompson has failed to prove anything other than her confusion regarding the warranty she purchased. The Act states, "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." KRS 367.170(1). However, the exclusion of cracked, corroded, or rusted heat exchangers is not fraudulent, misleading, or deceptive because the Agreement clearly stated what was and was not covered. Kentucky's highest Court has stated, "one who signs a contract is presumed to know its contents[.]" *Clark v. Brewer*, 329 S.W.2d 384, 387 (Ky. 1959). Moreover, if that party "has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing which he signs or his signature has been obtained by fraud." *Id*. Because Thompson has presented no evidence that Amazon attempted to conceal the

applicable clauses in the Agreement, deceive or mislead her, or fraudulently induce her to sign the agreement, we affirm the circuit court.

## **CONCLUSION**

For the foregoing reasons, we affirm the Jefferson Circuit Court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Juliana N. Madaki
Louisville, Kentucky

BRIEF FOR APPELLEE:

Franklin Yudkin
Louisville, Kentucky