RENDERED: JUNE 6, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0604-MR

GARY TAYLOR                                         APPELLANT


v.            APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 20-CI-005066


WESTROCK SERVICES, LLC AND
KAREN CLANTON                                     APPELLEES


## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Gary Taylor, *pro se*, appeals from a summary judgment entered in favor of Westrock Services, LLC and Karen Clanton. Appellant argues that the court erred in granting summary judgment. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2020, Appellant filed the underlying lawsuit against Appellees alleging various work-related causes of action, such as gender discrimination and retaliation. Appellant worked for Westrock and Ms. Clanton was his supervisor. Appellant had three attorneys during the pendency of this action, with the first one dying and the other two withdrawing from representation. After some discovery, Appellees moved for summary judgment. Appellant's final attorney did not respond to the motion and eventually withdrew. The trial court gave Appellant around twelve weeks to find new representation, but Appellant did not. Instead, he began representing himself *pro se*. Appellant responded to the motion for summary judgment with a one-page written response with 127 exhibits attached. The trial court granted Appellees' motion for summary judgment because Appellant did not direct the court to evidence that would create a genuine issue of material fact or provide a legal argument as to why summary judgment should be denied. This appeal followed.

## STANDARD OF REVIEW

The standard of review on appeal when a trial court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the

nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. The word "impossible," as set forth in the standard for summary judgment, is meant to be used in a practical sense, not in an absolute sense. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue [*de novo*].

*Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011) (internal quotation marks and citations omitted). "A party opposing a motion for summary judgment cannot rely merely on the unsupported allegations of his pleadings, but is required to present some affirmative evidence showing that there is a genuine issue of material fact for trial." *Godman v. City of Fort Wright*, 234 S.W.3d 362, 370 (Ky. App. 2007) (internal quotation marks and citations omitted).

## ANALYSIS

Once again, Appellant has acted *pro se* and has not provided sufficient legal arguments or citations to the record in order for us to fully review this case.

Though a degree of lenity is afforded *pro se* litigants and they are not strictly held to the same standard as legal counsel, *Beecham v. Commonwealth*,

657 S.W.2d 234, 236 (Ky.1983), the judiciary's conciliatory attitude is not boundless. *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011). The right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the litigant exercising the right, *King v. Commonwealth*, 374 S.W.3d 281, 290 (Ky. 2012) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984)), and one who undertakes self-representation assumes "the dangers and disadvantages" thereof. *Id.* at 292 (citations omitted). Proceeding *pro se* does not provide one with "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 835 n.46, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975).

*Smith v. Bear, Inc.*, 419 S.W.3d 49, 55 (Ky. App. 2013).

"It is not our function as an appellate court to research and construct a party's legal arguments. We will not search the record to construct [Appellant's] argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments." *Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019) (internal quotation marks and citation omitted). While we sympathize with Appellant and his belief that his lawsuit was prematurely terminated, he has not provided us with a legal argument. In addition, we have thoroughly reviewed Appellant's briefs, and the numerous documents appended to them, but find no reason to reverse the judgment of the trial court.

## CONCLUSION

Based on the foregoing, we affirm the summary judgment in favor of Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Gary Taylor, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEES:

Megan R. U'Sellis
Louisville, Kentucky